# UNITED STATES DISTRICT COURT FOR THE

# MIDDLE DISTRICT OF PENNSYLVANIA

Edward James Nicholas

        (Plaintiff)    )    CIVIL-ACTION NO:

  vs.                   )    Att:(class action) Plaintiffs

**Williamsport Police Bureau,**

**29 th Judicial district (Defendant)**

**WILLIAMSPORT POLICE CHIEF (Defendant)**

**Police Chief Ongard (Defendant) Derek Slaughter, Police Commissioner (Defendant) Sara Edkins, Tyson Havens, Kevin Dent, Michael Cashera, Curt Loudenslauger, PO Anderson, PO Corter, Lycoming County Narcotics enforcement unit (Defendant), Ryan Gardner, Martin Wade, Mathew Welichovitch. Thomas Marino, Pennsylvania Attorney General (DEFENDANT)**

### COMPLAINT PUSUANT TO CIVIL RIGHTS 42 US.C 1983

**ATT:** Clerk of court is notified this is Class Action Law suit where other Citizens are going to request to Enjoin all in this 42 U.S.C. 1983 Civil rights Complaints.

Att: Each defendant is being sued individually and in an official capacity.

Plaintiffs address is Edward J. Nicholas, 05-28559 277 West thrid street, Williamsport, Pa 17701

Defendants Address is: Chief of police Ongard, 810 Nichols Place, Williamsport, Pa 17701

All Defendants Address is: Sara Edkins, Lycoming County Narcotics ivision, 810 Nicholas Place, Williamsport, Pa 17701

FILED
WILLIAMSPORT

DEC 04 2024

PER ___NR___
DEPUTY CLERK

COUNTS ,1,2,3,, By defendants ensuring Unlawfull substantive and procedural due Process violations pursuant to the 1 st and 14 th U.S.C. ,legal right to be free from prosecution absent Probable cause and obstruction of the Plaintiff right to speak out against the Public Corruption of Police officers.

COUNTS 4, 5,6, By defendants ensuring Unlawfull Substantive and Procedural due Process violations pursuant to the 4 th and 14 th U.S.C., amendment to be free from prosecution absent Probable cause.

COUNTS 7,8,9, By defendants ensuring Unlawfull Substantive and Procedural Due Process violations pursuant to the 14 th U.S.C., and applicable to the 5 th amendment legal right to be free from prosecution absent Probable cause. 18 U.S.C. 241-242 Civil Rights., and liberties , immunities, from unlawfull searches and seizures, Deliberate indifference to 18 42 U.S.C 1981, and, 1983 Civil rights.

COUNTS 8,9,10, 11, By defendants ensuring Unlawfull Procedural Due Process violations Pursuant to the 6 th and 14 th U.S.C. amendment right to be free from prosecution absent probable cause. Deliberate indifference to Constitutional rights. {COST-SAVINGS SCHEMES.}

COUNTS 11,12,13, 14, By defendants Unlawfull susbtantive and procedural Due Process violations pursuant to the 8 th and 14 th amendment right to be free from prosecution absent probable cause and deprivation of life, liberty, or property without Due Process of law in the absence of Probable cause.

COUNTS 15,16,17,18, By defendants unlawfull substantive and procedural due process violation of legal rights pursuant to "Inadequate access" to the Court or other administrative procedural Function to redress grieveances of citizens in violation of the 6 th and 14 th USC amendment by ensuring obstruction ofthe proper government function.

COUNTS 19,20,21,22, By defendants ensuring unlawfull Substantive and Procedural Due Process violations of an unlawfull scheme to cheat the citizens of Honest Government services in violation of due Process Pursuant to the 6 th and 14 th U.S.C. amendment by ensuring false arrest without Probable cause. 18 U.S.C. 1962 (b) Rico Offenses.

COUNTS 23,24,25, By defendants ensuring an unlawfull cost-savings Kickback scheme in violation of A pattern of Rico Predicate offenses 18 U.S.C. 1961 Rico Predicate offenses.

COUNTS 24,25, 26, 27 , By Defendants ensuring an unlawfull Partial tribunal in violation of 18 U.S.C. 1962 (b) Rico Predicate offenses.

COUNTS 28, 29, 30, 31, by defendants ensuring Unlawfull conspiracy to violate Civil rights of itizens in violation of 18 U.S.C. 1962 (C) Rico Predicate Conspiracy.

COUNTS 32,33, 34 , By defendants ensuring an unlawfull enterprise in violation of Civil Rights pursuant to 18 U.S.C. 1962 (d) RICO Enterprise.

COUNTS 35,36,37,38, By defendants ensuring an unlawful pattern of fraud , Misrepresenting to indigent Citizens who are targeted without Probable cause and not being adequately represented.

CONCISE STATEMENT OF FACTS

Edward James Nicholas claims the Following Complaint in the following concise statement of facts as stated in Paragraphs (1) through (29) and demands redress of his grieveances as follows:

(1) "The Lycoming county Narcotics enforcement unit are recruiting confidential informants without proper "COOPERATION AGREEMENTS" to engage in illegal activities of drugs and corruptly setting up drug dealers with the deliberate intent and corrupt purpose of Fabrication of false facts, that would lead to establish Probable cause for the Purposes of issueing search warrants for "oral" Wiretaps and "hidden Body cameras"in furtherance thereof to unlawfully record conversations of citizens and this Plaintiff and unlawfully "seize" evidence in violation of Plaintiffs Civil Rights by ensuring fraudulent facts are relied upon for issueance of Process for the "Search warrants" by ensuring false reliance on fabricated facts and false statements being fabricated by Affiant Police officer Sarah Edkins of the Lycoming County Narcotics Unit. (2) The Confidential informants Robin Lea Villa was on drug court Program who was required to appear before the Judge Nancy L. Butts every week or other week. Robin Lea Villa is Convicted of a crime and required by the terms of Probation to abide by all rules and regulations of the drug court Program, (3) Plaintiff contends that Robin Lea Villa got a "Hot urine" while on drug court and agreed with County probation officer to work as a "confidential informant" who is being bribed or coerced to falsify facts for the purpose of unofficially getting out of trouble with her terms of probation violation. (4) Robin Lea Villa gave the Narcotics police Sarah Edkin on March 23, 2023 that Edward J. Nicholas, name and said that she owed him money a $ 50.00 debt, and stated that everybody goes to his residence to hang out and do Methamphetamine. (5) The affiant police officer Sara Edkins uses a police issued cell Phone for the purpose of contacting Edward J. Nicholas who allegedly answers the phone as Robin Lea Villa declared that she had the money and asked to meet with him and asks if the suspect had any drugs on him and he allegedly responded that he was "clean" and did not have anything, that he was allegedly out running errands, but could meet to pick up the money allegedly owed to him. (6) The Narcotics enforcement affiant Sara Edkins ended the conversation that was on "Speaker Phone" and the interception was without any warrant. The Confidential informant is not given direction not to use drugs or go to the suspects residence who is a "Target" of the investigation of the Narcotics officer Sarah Edkins. The informant is unsupervised during these periods that the Narcotics Unit has the suspect under investigation. On March 24, 2023 the Narcotics affiant alleges that they conduct another control drug buy using a hundred dollars of Narcotics Pre recorded currency the confidential informant telephones the Plaintiff and requests to come visit the Plaintiff and his girlfriend Kimberly Galati, The Plaintiff was alleged to have agreed to this on Kimberly Galati Cell Phone and his own Cell Phone device. The confidential informant enters the Plaintiffs esidence at 661 rose st, apt 1 South, Williamsport, Pa 17701 and she alleges that she entered the doorway and took her shoes off and sat down on the floor. Robin Lea Villa reports that she was given two baggies of meth and admits to tampering with the baggies and placing all the contents into one bag before leaving the residence, Further, witnesses inside of the residence will testify as witnesses for the Plaintiff that Robin Lea Villa was using the drugs she got inside of the residence and that she was passing around a glass pipe around the table to Erica Wagner and others inside of the residence before

she left the residence during an alleged control Buy by the Narcotics Enforcement. (7) witnesses, Erica Wagner, Jerry Nicholas, John Doss, and a few others persons are witnesses to Robin Lea Villa drug use in the apartment and are witnesses to the Police Misconduct and Police Harassment. The Narcotics Enforcement affiant Sara Edkins submits Fraudulently fabricated affidavits requesting further "Authorization" for Hidden wiretap or "Body camera inside the residence using the fraudulently fabricated evidence from the first controlled buy, as Nancy l.Butts grants the Fraudulently Procured "search warrant" on April 3, 2023. From March 24, 2023 to the date of the second Alleged control buy theres no mention of the Confidential informants comings and goings from the Plaintiff residence and theres no mention of the Narcotics surveillance corroberating any facts relating to the Suspects including a nexus between him and any foot traffic coming and going from the residence or other corroberating evidence that would indicate the Confidential informant is telling that the suspect is in fact selling drugs from his residence. The Narcotics enforcement investigative files procure that after the controlled buy the Confidential informant was AUDIO debriefed regarding the controlled buy inside of the residence, This was done without any "SEARCH WARRANT" and created a conflict of interest with requesting the attorneys to produce "discovery" of the AUDIO debriefing on March 24 th , 2023   (8) When the Confidential informant texts the Plaintiff he began texting back to Robin Lea Villa that he didnt want any visitors, As Later shown in texts fabricated and copied by NEU Police sara Edkins, when Robin Lea Villa enters the residence the Plaintiff is "Naked under sheets"lsnoring asleep when the hidden video captures when she enters the living room of the residence. Robin Lea Villa failed to mention to the Narcotic Affiant Sarah Edkins that Robin Had previously stayed overnight at the residence and the Confidential informant had personal belongings at the residence spoliation of the evidence on April 3 , 2023. (9) On April 4 th, 2023 the Narcotics enforcement Unit then fraudulently procures the "SEARCH WARRANT" for the Plaintiffs residence which was Submitted by Martin Wade , Esquire from the District attorney office , and granted with the Judge Nancy L. Butts, stipulating the Alleged investigation being filed under seal of the court. (10)  On April 5 th, 2023 the Narcotics enforcement unit team members searched the residence by violently breaking into the back door with AR-15 rifles and pointing the assault weapons at Kimberly Galati and Edward J. Nicholas, The Narcotics affiants handcuffed both suspects and transported them to the front porch of the residence and uncuffed the two suspects and "SEIZED" Edward J. Nicholas wallet on his person and was questioned as to the wherabouts of the cell phones in the residence without any Miranda rights being read to them. The suspects both responded and told the Police that the cell phones were inside the residence (10) The two suspects both demanded to see search warrants at which time they was told "NO" by "Tyson Havens" and "Sara Edkins"and was ordered to leave the residence for two hours before allowed back inside the residence while the search warrant was being conducted.  (11)  Property was destroyed inside the residence and U.S. currency was "seized" from the suspect person and approximately $ 3,200 to $3,500  was stolen from a white envlelope in the kitchen  , and Drugs was planted in the residence by the Narcotocs officers. [SARAH EDKINS, TYSON HAVENS KEVIN DENT,KEVIN ANDERSON, MICHAEL CASHERA, CURT LOUDENSLAGER], (12) Edward J. Nicholas Complained about the Police Misconduct to the Williamsport Police chief who coordinates the Complaints for internal misconduct complaints of Affiant police officers, and did not respond about his ongoing complaints of Police unbecoming an officer by ensuring the false evidence for Probable cause and then proceeding to subordinate perjury to

corruptly fraudulently cover up the Police misconduct, and obstruct the legal civil rights to a remedy for the police harassment and corrupt conduct. (13) Narcotics Police officers not only completely destroyed items inside of the house but they Planted empty baggies containing residue of a crystal like substance in the bathroom sink (Meth) , Edward J. Nicholas took Photos of the scene when he and his girlfriend returned inside the residence and discovered the destroyed property scene, Marijuana removed from residence and recorded by the NEU but not logged into evidence as required by the rules of Pa criminal procedure (14) A pepsi can was found in the residence with what appeared to be "CAT FECES" and the odor Eemanating from the can got Kimberly Galati and Edward J. Nicholas sick from the fowl stench. (15) Edward J. Nicholas was arrested and charged with Possession of drugs found and Fraudulently Planted inside the residence alond with illegal use of a communication device (16) Edward J. Nicholas was not charged with any crime relating to the March 24 th, 2023 alleged control buy. (17) Robin Lea Villa was previously represented by the Public defender office and the conflict of interest exists for the purpose of the preliminary hearing conducted on July 10 th, 2023 without the Confidential informant testifying. (18) Tyler Scott Calkins , Esquire is assigned to represent the Preliminary hearing on behalf of Edward J. Nicholas who alleged a conflict of interest at this hearing. (19) Theres an ongoing conflict of interest with the judge NANCY L. BUTTS , ASSISTANTS DISTRICT ATTORNY , WADE MARTIN, DISTRICT ATTORNEY , RYAN GARDNER, MATHEW WELICHOVITCH, Esquire, and the public defender office Tyler Scott Calkins. (20) For eleven months Edward J. Nicholas requested to see the Attorney to speak with him about Pre-Trial motions and inquire to him about the ongoing conflict of interest with the confidential informant being a prior client of the Public defender office. (21) The Public defender office Tyler Scott Calkins, Esquire and Pete Levechio requested leave to withdraw from the prosecution which was granted by the Court, "However" leaving Edward J. Nicholas without adequate remedy to redress his grieveances at a preliminary hearing since there is a genuine Conflict of interest that existed at the Preliminary hearing and the Prosecutors knew this beforehand and continued with the fraudulent concealment. (22) Since Edward J. Nicholas arrest approximately eighteen months ago June 22, 2023 , Robin Lea Villa has been charged with multiple charges including DUI, 3 separate times and dates charged with Drug Paraphernilia , and most recently charged with selling 3 grams of Meth to an under cover Confidential informant inside of her residence, Hence, she was given a $ 25,000 thousand dollar bailand released where she is continued on the drug treatment court before Judge NANCY L. BUTTS who is also a conflict of interest to the outcome of this case since it appears that she has an interest in the case. (23) Mathew Welichovitch, Esquire who appears at hearings to prosecute Edward Nicholas is also appearing at hearing to prosecute Robin Lea Villa who is being illegally used as a confidential informant. (24) Edward j. Nicholas claims an ongoing epidemic with Federal Grant Money being missused, Hence that the Confidential informants being recruited BY THE Narcotics officers without supervision of any handlers and further being encouraged to fraduently procure facts for probable cause in violation of Citizens Legal Civil rights pursuant to 18 U.S.C. 241-242 and 42 u.s.c. 1981, CIVIL legal rights statute 1983 remedies. (25) Edward J. Nicholas has filed a Complaint for redress of his grieveances and a remedy for the stolen money and unlawfull conduct of these Narcotic officers, The state, Local Government receives federal grant funding to prevent these blatent civil rights from occuring, Edward J. Nicholas is left without any remedy due to the obstruction of the Government function by these police officers unbecoming an officer as stated in the complaints filed with the

williamsport Police Bureau. (26) Edward J. Nicholas has been denied substantive and Procedural due process pursuant to the fifth amendment and applicable through the Fourteenth amendment, and denied his 1 st, 4 th , 6 th amendment civil rights, and., to a partial tribunal. (27) Edward J. Nicholas has filed his Complaints with the Williamsport Police Chief, following up with several complaints to the Police Commissioner Derek Slaughter, all the complaints have been ignored and no action has been taken to redress the illegal Civil Rights violations. further denied the right to redress violations of federal law committed by state actors. (28)  Sara Edkins and the other NEU officer are required to  participate and receive Pennsylvania state certifications that is intended to elleviate Civil Rights violations. (29) Edward J. Nicholas demandS that his complaints be heard and that he be given adequate Substantive and Procedural due process to file his complaint against the Police Misconduct as stated herein.

## V. DEMAND FOR RELIEF

1. Plaintiff Edward James Nicholas demands Judgement In favor of Plaintiff(S) and entered against the Defendants for Monetary Compensatory Jury award and Punitive Monetary damages award for the Pain and suffering. Plaintiff contends that due to the unlawfull acitivities of the Defendants they are individually being sued and sued in an official capacity, and Further Injunctive may be required for the purposes of restoring the Plaintiff and the Class of Plaintiff(s) Civil Rights Pursuant to 42 U.S.C. 1981, 1985,1986,1988.

2. Plaintiff(s) Demands Jury award in regard to all Counts in the Complaint (1) through (38) and further referral for the Unlawfull conduct of Rico Predicate offenses pursuant to 18 U.S.C. 1961 and 18 USC 1962 (b) (C), and ., (d) Rico Unlawfull enterprise.

3. Plaintiff Demands that the defendants stop obstructing the Plaintiff(s) "class Action " members from Filing the administrative "Remedy" Complaints with the Chief of Police , Regarding the Stolen Money from Plaintiffs residence, and the Narcotics being Planted in his residence, AND THE BOGUS log in sheets being filled out by the Defendants.

4. Plaintiff seeks declatory Judgment entered in the Plaintiffs Favor and against each defendant in an individual Capacity and Official Capacity For violation of Substantive and Procedural Due Process.

5. Plaintiff(S) in this class action civil litigation is seeking temporary injunction Restraining the Lycoming County Narcotics Unit from using the confidential informants on drug court probation who are also going before Judge Nancy Butts, and also being Prosecuted on new criminal Charges, and currently out on bail, and being Prosecuted specifically By Martin Wade, Mathew Welichovitch. Furthermore, The Public defenders office has declared itself a conflict of interests many months after the Plaintiff(s) class of people are incarcerated. This is due to an unlawfull scheme or artifice of the Prosecutors office cheating the Citizens of honest government services and allowing for the defendants who are charged with narcotics violations the equal protection of the laws and confront the Confidential informant at the Preliminary hearing. The Plaintiff contends that the Prosecutors are abusing their authority and continuing to conceal the criminal records under seal of the Court of Common Pleas even though the defendants herein know that a conflict exists that the confidential informants are being represented by the Public defenders office, and they cannot represent the Plaintiffs without a conflict of interest claim being coming to the light of the court.

6. The Confidential informants are unsupervised and in many cases the confidential informants are "communicating with the targets", and having regular contact with or without the Narcotics enforcement Supervision of handlers, as well as the Confidential informants not being required to enter into any "term of conduct agreement", For instance citing that the Confidential informant is not permitted to use drugs, or have contact with the suspect while under investigation by the Narcotics team. When The Class action of Plaintiff(s) complain the Complaints are being ignored and the Civil rights of this Class action Plaintiff(s) are being deprived of adequate remedy to redress the Police and Prosecutorial misconduct.

7. That as a Proximate result of Defendant(s) Pattern of an unlawfull scheme the Plaintiff(s) have been caused to suffer mental anguish, inadedequate "Access to a lawfull rmedy", and ongoing conflict of interest, and Prejudicai Bias, Unlawfull Partiality.

The Class of Plaintiff(s) Herein demand Compensatory damages and Punitive damages awarded as may be directed by the court and further review of similiar cases listed for the review of the U.S Court.

8. That each Plaintiff(s) testimony about their claim is gooing to differ and the Plaintiff(s) respectfully requests leave to Enjoin in this "Class action" for the purposes of obtaining relief.

9. That as a Proximate result of defendants unlawfull civil rights violations as stated in the concise matters complained of in this civil suit and applicable through Counts (1) through (38) Plaintiff(s) Class of Plaintiffs are being Punished as Pre -Trial Detaness without adequate Represntation.

10. Plaintiff(s) Class respectfully requests JUDGMENT OF COSTS AGAINST THE DEFENDANT for the purposes of 42 USC 1983 Filing fees.

11. Plaintiff(s) Specifically demand Judgment award of Compensation for Punitive damages to be enterd against the defendants individually and in an official capacity in favor of Plaintiff and Plaintiff(s) class members.

Reference of Awards:

Deliberate indifferent cases, $ 33 MILLION DOLLARS , See,e.g., Bond v. Sheriff of Ottawa Cty., 2024 U.S. Dist.LEXIS 35037, against defendants, Motion to reduce is denied, each juror damages award is highly specific to the fact and circumstances of the award. Other courts have allowed tens of millions for compensatory damages IN CIVIL RIGHTS CASES PURSUANT TO 42 USC 1983 CASES.

See,e.g., Gillam V. Allen, 62 F. 4 th 829, 851 (4th Cir.2012) affirming 62 MILLION DOLLAR COMPENSATORY AWARD, REDUCED TO 25.25 Million to each Plaintiff. Collateral source rule.

See,e.g., Tarlton For McCollum v. Sealy, 5:15-CV-00451-BO Apr.20 2023,( ECF NO.483); See,e..g., Est.of Moreland v. Dieter, 395 F.3d 747, 761 (7 th Cir.2005)( AFFIRMING $ 29 MILLION DOLLAR AWARD VERDICT) See,e.g., Fields v. City of Chicago, 981 F.3d 534, 543 (7 th CIR.2020); affirming a $ 22 MILLION dollar award in compensatory damages.  $ 100 MILLION Dollars award,See,.e.g,  Edwards for Blasingame v. Grubbs, No.1:19CV-2047-SCJ, 2022 U.S.Dist.LEXIS 17465,2022 WL 4363631, At *2 n.4 (N.D Ga.Sept.14, 2022) $ 20 MILLION DOLLAR Compensatory damages. Greenburger v. Roundtree, 2020 U.S. Dist.Lexis 8658* Solitary Confinement cases.

The  Commission of a serious "Act" of deception during a criminal investigation, Civil or administrative investigation or proceeding, when, under oath, (1) Lying (2) fraud / Fabrication (3) Misleading acts or words in affidavit used to falsely incriminate Plaintiff(s) is indifferent to Civil Rights Pursuant to 42 U.S.C. 1983 (4) Civil or criminal Fraud, or Perjury Violates Substantive and Procedural Due Process Pursuant to the 1 st, 4 th 5th, 6th,  8 th, and, 14 th U.S.C. amendments.

Plaintiff(s) Respectfully requests further Proceedings as may be appropriate for the purposes of any refferal to the U.S. Justice department or the Appointment of a special master from the Supreme Court of Pennsylvania Due to the Criminal complaints being filed against the defendants name in the caption of this Civil Suit.

Respectfully request the U.S. Court to declare this Civil Action a Class Action of Plaintiff(s) and further orders of the court to enjoin Complaints with this court, for further action deemed appropriate.

This is true and Correct Under Penalties of Perjury

28 U.S.C. 1001

Date: 11/28/2024

_____
(Class Action Plaintiff)

Edward Nicholas

Inmate Name: Edward J. Nicholas Jr.
Inmate# 05-28559
Lycoming County Prison
P.O. Box 247
Phoenix MD 21131-0247

HARRISBURG PA 171
2 DEC 2024 PM 3 L



RECEIVED
WILLIAMSPORT
DEC 04 2024
PER _NR_ DEPUTY CLERK

Office of the Clerk
U.S. District Court
Middle District of PA
240 West Third St
Williamsport, PA 17701-6460

17701-646099